UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEITH G. DAMONE, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:06-CV-26-TCM |
| | ) |
| PAULA PHILLIPS, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Keith G. Damone, Sr. (registration no. 1091988) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on February 21, 2006. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $54.14, and an average monthly account balance of $10.23. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $10.83, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355

U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Farmington Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Paula Phillips (functional unit manager), Jackie Cooper (caseworker assistant), and Brandi Merideth (caseworker). Plaintiff alleges that defendants denied his requests for transfer from the Southeast Correctional Center to a lower custody facility, that "remaining at a C-5 facility diminishes [his] chance to maintain his conditional release date," and that after a "policy discussion" with defendant Cooper regarding transfer to a lower custody facility, "Cooper was so disgruntled that he retaliated against plaintiff by directing [a correctional officer] to confiscate the 20 cassette music tapes from [his] prison cell."

Having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous. Transfers

to other prisons are entirely within the discretion of prison officials. *Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984). Moreover, prisoners have no justifiable expectation that they will be incarcerated in any particular prison within a state. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Murphy v. Missouri Dept. of Correction*, 769 F.2d 502, 503 (8th Cir. 1985). Any protected interest plaintiff might have in being incarcerated in a particular state prison would have to be created by state law. *See Hewitt v. Helms*, 459 U.S. 460, 469 (1983). Plaintiff has failed to allege the existence of such a law.

Given the absence of an underlying constitutional right to incarceration in a "lower custody" prison, plaintiff's claim relative to the retaliatory confiscation of his music tapes is legally frivolous. Moreover, although the due process clause may be implicated when a prisoner suffers a loss of property, if the taking of property by prison officials is intentional and the state provides an adequate postdeprivation remedy, there is no violation of due process. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986). Plaintiff does not allege that he lacks an adequate postdeprivation remedy.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $10.83 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 20th day of April, 2006.

_____
**UNITED STATES DISTRICT JUDGE**